UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| JOHN MCNEESE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: |
| | ) |
| QSI BUSINESS SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1367.

2. Defendant is a Georgia limited liability company with its principal office located at 1105 East Walnut Ave, Dalton, GA, 30721. Its registered agent for service of process is Ashley Nicole Stroud, 1105 East Walnut Ave, Dalton, GA, 30721.

3. Defendant provides recruiting, employment, and payroll leasing services to individuals and businesses.

4. In July of 2021, Defendant employed Plaintiff to work in a temporary job as a lift truck operator at Lyle Industries in Rocky Face, Georgia. Defendant agreed to compensate Plaintiff on an hourly basis for the work he performed at Lyle Industries. Lyle Industries manufactures and supplies automotive components that are distributed across state lines.

5. Plaintiff began work at Lyle Industries on July 26, 2021, and he worked well over 40 hours during his first workweek. Plaintiff worked one day of the following workweek, before his job was filled by a permanent employee and he was discharged.

6. When Defendant compensated Plaintiff for the work he performed, Defendant only paid Plaintiff his hourly rate of pay for 40 hours of work during his first workweek of employment. Defendant did not pay Plaintiff any wages for the overtime hours he worked during his first workweek of employment.

7. Defendant did not compensate Plaintiff at all for the hours he worked during his second workweek of employment.

8. After receiving his compensation from Defendant, Plaintiff advised Defendant that he was owed additional compensation, and requested that Defendant pay him the additional wages to which he was entitled. Defendant refused to pay Plaintiff any additional wages.

## Count 1—Violation of Fair Labor Standards Act—Overtime Violations

9. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-8 above.

10. Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

11. Plaintiff was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

12. While Plaintiff was employed by Defendant, he was engaged in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b)of the FLSA.  More specifically, Plaintiff handled materials that moved across state lines in interstate commerce.

13. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA.  Defendant has annual gross volume of sales which exceed $500,000.00.

14. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

15. Pursuant to Section 207(a)(1) of the FLSA, Defendant was required to pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay for all hours worked over 40 during a workweek.

16. Defendant's failure to pay Plaintiff overtime wages of one and one-half times his regular rate of pay for all overtime hours worked is a violation of Section 207(a)(1) of the FLSA.

17. Pursuant to Section 216(b) of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

18. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

19. Plaintiffs is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**Count 2—Violation of Fair Labor Standards Act—Minimum Wage Violations**

20. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-19 above.

21. Pursuant to Section 206(a)(1)(C) of the FLSA, Defendant was required to pay Plaintiff a minimum wage of at least $7.25 an hour during each workweek of his employment.

22. Defendant's failure to pay Plaintiff any compensation for the work he performed during his second workweek of employment is a violation of Section 206(a)(1)(C) of the FLSA.

23. Pursuant to Section 216(b) of the FLSA, Defendant is liable to Plaintiff for back pay in the amount of the minimum wages he is owed.

24. In addition to the amount of unpaid minimum wages owing to Plaintiff, he is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

25. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

### Count 3—Breach of Contract Under Georgia State Law

26. Pursuant to Fed. R. Civ. P. 10(c), Plaintiff adopts by reference the allegations set forth in paragraphs 1-25 above.

27. Defendant's agreement to pay Plaintiff an hourly rate for his work while he was employed by Defendant was an enforceable contract under Georgia law.

28. By failing to pay Plaintiff any compensation for the work he performed during his second workweek of employment, Defendant breached its contract with Plaintiff.

29. As a result of Defendant's breach of contract, Plaintiff sustained and is entitled to recover damages amounting to the compensation he failed to receive for his work during his last second week of employment—beyond the minimum

wages he is owed for that work pursuant to the FLSA—at his agreed-upon rate of pay.

## Prayer for Relief

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a) overtime back pay;

(b) minimum wage back pay;

(c) liquidated damages in an amount equal to his overtime back pay;

(d) liquidated damages in an amount equal to his minimum wage back pay

(e) unpaid wages as damages resulting from Defendant's breach of contract;

(f) interest;

(g) reasonable attorney's fees and costs; and

(h) all other general legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (GA 387630)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

Stephen B. Farrow (GA 256025)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
 Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
stephen.farrow@warrenandgriffin.com

Attorneys for Plaintiff